David E. Castles and Ella Castles v. Commissioner.
Castles v. Commissioner
Docket No. 111552.
United States Tax Court
1944 Tax Ct. Memo LEXIS 356; 3 T.C.M. (CCH) 163; T.C.M. (RIA) 163; February 25, 1944
*356 Crawford Johnson, Esq., 1630 Boatmen's Bank Bldg., St. Louis, Mo., for the petitioners. J. Marvin Kelly, Esq., for the respondent. KERN Memorandum Findings of Fact and Opinion The Commissioner determined a deficiency in petitioners' income tax for the calendar year 1936 in the amount of $432.39. The petitioners contend the period of limitation upon the assessment of such tax had expired before the mailing of the deficiency notice herein. Findings of Fact The facts are stipulated, and we adopt the stipulation as our findings of fact herein, setting out below only such facts as are necessary to an understanding of the issue. Petitioners filed their joint income tax return for the year 1936 with the collector for the eastern district of Missouri, prior to March 15, 1937. On January 30, 1942, after the expiration of the three-year period of limitation provided by section 275 (a) of the Revenue Act of 1936, petitioners consented in writing to an extension of time for any assessment of a deficiency which might be assessed under section 275 (c) to June 30, 1943. The deflciency notice was mailed March 18, 1942. In 1936, pursuant to a corporate resolution of West Side Buick Auto Co., *357 providing for a reduction of its capital and the retirement of certain stock, and declaring a "liquidating dividend" to be paid upon surrender of the stock to be retired, petitioner David E. Castles received from the corporation the sum of $4,375, and surrendered 95 shares of its stock which he had acquired in 1930 at a cost of $9,500. In view of this Court's decision in , affirmed , which involved identical distributions to other stockholders, petitioners now concede the amount received by them in 1936 to have been essentially equivalent to a taxable dividend. The corporation was allowed a dividends paid credit for the amount so distributed. In their income tax return for 1936, petitioners reported a capital loss transaction in Schedule C (capital gains and losses) in the amount of $5,125, showing a sale of West Side Buick Auto Co. stock on December 1, 1936, for a gross sales price of $4,375, and a cost basis as to the stock sold of $9,500. In computing their "Total income" on line 12 of the return, petitioners took into consideration the capital loss to the *358 extent of $2,000 allowed by law, although by clerical error the item was omitted from line 10 thereof. No income was reported by petitioners as "Dividends" at item 6 of the return. Petitioners reported at item 1 of the return the receipt of salary in the sum of $6,727.50, and at item 9 the receipt of rent in the sum of $99.25. These were the only items of income reported by petitioners in the return. Opinion KERN, Judge: The only question before us is whether the period of limitation upon the assessment of the tax involved here had expired before the deficiency notice was mailed. The general rule set forth in section 274(a) of the Revenue Act of 1936, requires the assessment to be made within three years after the filing of the return. Section 275 (c), however, constitutes an exception to that rule in the following language: SEC. 275. Period of Limitation upon Assessment and Collection. (c) Omission from Gross Income. - If the taxpayer omits from gross income an amount properly includible therein which is in excess of 25 per centum of the amount of gross income stated in the return, the tax may be assessed, or a proceeding in court for the collection of such tax may be begun *359 without assessment, at any time within 5 years after the return was filed. We have to decide only whether section 275(c) is applicable to these facts. Petitioners now concede the amount received by them to have been a distribution essentially equivalent to a taxable dividend. As such, it was properly includible in their gross income for 1936. The amount was in excess of 25 per cent of the income stated in the return. The sole question is whether petitioners omitted the amount from their gross income within the meaning of section 275(c) so as to render the tax assessable for a period of five years after the filing of the return. Petitioners' position is that section 275(c) applies only to cases in which the amounts are entirely excluded from the return, and that here they indicated in their return the receipt of the money by attaching thereto in Schedule C, a report of the transaction resulting in a capital loss. The amount of the loss, to the extent of $2,000, was then reflected by a reduction in the total amount of income reported, although, by error, the specific item of capital loss deduction was not set out in the computation of such total income. The respondent concedes that *360 the statute has run if only subsection (a) of section 275 of the statute applies, but contends that there was here such an omission from gross income as is contemplated by section 275(c). We have had occasion to construe this section, and to consider in detail its legislative history, in a number of recent cases. ; ; ; ; , affirmed ; ; . These cases amply and consistently sustain the respondent's contention. In , the facts were very similar to those under consideration. There the receipt of a certain amount was reported in a dividend schedule attached to the return and designated as a capital receipt. We said: * * * The amount was treated *361 as a capital receipt. It was reported as such, and not as income received. Failure to report it as income received was an omission resulting in an understatement of gross income in the return. The effect of such designation and failure to report as income was in substance the same as though the items had not been set forth in the return at all. * * * We therefore conclude that section 275(c) of the Revenue Act of 1936 is applicable and the assessment of the deficiency is not barred. Decision will be entered for the respondent.